UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| DAVID LANERE BUTLER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 05-578-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CHARLES E. SAMUELS, JR., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\* \*\* \*\* \*\* \*\*

*Pro se* Petitioner David Lanere Butler, who is currently confined at the Federal

Correctional Center in Manchester, Kentucky ("FCI- Manchester"), has filed a petition for a writ

of habeas corpus pursuant to 28 U.S.C. §2241. He has also filed a motion to proceed *in forma*

*pauperis*. [Record No. 6] In support of the motion to proceed *in forma pauperis*, Butler has

submitted a "Certificate of Inmate Account" [Record No. 7] which indicates that in the 6 months

preceding the instant filing, he had a total of $1,407.88 deposited to the account, resulting in a

monthly average deposit of $94.89. These funds have been at his disposal, over and above

having the costs of his living essentials paid by federal taxpayers.

Title 28 of the United States Code, §1915(a), permits the Court to authorize the

commencement of an action or appeal without prepayment of fees by a person who submits an

affidavit of indigency and, if the person is a prisoner, an institutional certificate of the trust fund

account over the six months preceding filing the action or appeal. Under §1915(e)(2), however,

[T]he court shall dismiss the case at any time if the court determines that–

(A)     *the allegation of poverty is untrue*; or
(B)     the action or appeal--
        (i)     is frivolous or malicious;
        (ii)    fails to state a claim on which relief may be granted; or
        (iii)   seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. §1915(e)(2) (Emphasis added).

Historically, while a party need not be absolutely destitute in order to proceed *in forma pauperis* in federal court, pauper status has been denied to those bringing civil actions where they have adequate money to pay the filing fee. *See Ward v. Werner*, 61 F.R.D. 639 (M.D. Pa. 1974); *Shimabuku v. Britton*, 357 F. Supp. 825 (D. Kan. 1973), *aff'd* 503 F.2d 38 (10th Cir. 1974). Proceeding *in forma pauperis* is a privilege, not a right. *See Shobe v. People of the State of California*, 362 F.2d 545 (9th Cir. 1966), *cert. denied*, 385 U.S. 887 (1966).

Based on the information submitted, it is clear that Petitioner Butler has had sufficient resources to pay the $5.00 filing fee for a habeas proceeding. Accordingly it is hereby **ORDERED** as follows:

(1)     The Petitioner's motion to proceed *in forma pauperis* [Record No. 6] is **DENIED**.

(2)      The Petitioner is granted thirty (30) days from the date of entry of the instant Order to submit to the Clerk of the Court the sum of $5.00 for the instant filing fee.

(3)     Upon payment of the fee or, in the alternative, the expiration of forty (40) days from the date of entry of this Order, whichever shall occur first, the Clerk of the Court is directed to notify the Pro Se Office.

(4)    The Petitioner is on notice that if he fails to pay the filing fee within thirty (30) days from the date of entry of this Order, the Court will dismiss the instant action for want of prosecution.  If the case is dismissed under these circumstances, it is not to be reinstated to the Court's active docket despite the subsequent payment of filing fees. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

This 8th day of November, 2005.



**Signed By:**

**_Danny C. Reeves_** DCR

**United States District Judge**