NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| DAVID LANERE BUTLER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.  6: 05-578-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CHARLES E. SAMUELS, JR., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*     \*\*     \*\*     \*\*     \*\*

David Lanere Butler, the *pro se* Petitioner, filed a "Notice" of Change of Address on November 30, 2005, indicating that his current address is "1645 Evans Dr. #A, Atlanta, Ga. 30310." [Record No. 10]  When Butler filed this petition pursuant to 28 U.S.C. §2241, he was confined in the Federal Correctional Center in Manchester, Kentucky ("FCI-Manchester").  He has paid the $5.00 filing fee.

This matter is before the Court for screening.  28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).  This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner.  *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).  However, 28 U.S.C.

§1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## RESPONDENT AND CLAIMS

The named Respondent is Charles E. Samuels, Jr., Warden of FCI-Manchester. The Petitioner claims that the Respondent violated his due process rights under the Fifth Amendment of the United States Constitution in two respects. First, he alleges that the Bureau of Prisons ("BOP") wrongly construed 18 U.S.C. §§3621(b) and 3624(c) and refused to release him into a Community Corrections Center ("CCC") when he reached his "ten percent date" on August 28, 2005. He complains that because the BOP did not place him in a CCC until November 30, 2005, he lost 90 days in a CCC.[1] Butler argues that because he is disabled and receives monthly benefits from the Social Security Administration, he does need to be placed in a CCC and should be immediately placed in home confinement

Second, Butler contends that the BOP wrongly computes good conduct time credits for prisoners and, as a result, he is serving a longer sentence than either Congress or his sentencing court intended. Specifically, he contends that under 28 U.S.C. §3624(b)(1), he is entitled to 54 days of Good Time Credit ("GTC") for each year of the term of his imprisonment. He states that he is entitled to 54 days of GTC on his 57-month sentence. He alleges that the BOP's failure to award him the requested GTC violates his right to due process of law under the Fifth Amendment.

---

1 The Petitioner did not file the instant §2241 petition until October 24, 2005. Based upon his financial information, the Court denied Butler's application to proceed *in forma pauperis* on November 8, 2005 [Record No. 8]. The Petitioner paid the $5.00 filing fee on December 6, 2005.

RELIEF REQUESTED

The Petitioner sought an injunction, directing the Respondent to recalculate his GTC and award him 54 days of GTC credit on his 57-month sentence. Second, he asks to be placed immediately in home confinement.

DISCUSSION

1. Exhaustion

Petitioners who seek relief under §2241 habeas petitioners are required to exhaust *judicially created* administrative remedies before filing a habeas corpus petition under 28 U.S.C. §2241. *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir.1981) (per curiam). The judicially created BOP administrative remedies for federal prisoners bringing a 28 U.S.C. §2241 petition are set forth in 28 C. F. R. §§542.10-.16 (1987).[2]

In this case, Butler submitted a BP-9 "Request for Administrative Remedy" to the Respondent concerning his demand to bypass CCC placement and to receive immediate home

---

2      The BOP administrative remedy procedure is set forth in 28 C. F. R. §542. 13-15. Section 542.13(a) requires that an inmate first informally present his complaint to the staff [BP-8 form], thereby providing them with an opportunity to correct the problem before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, he may file a formal written complaint (BP-9) "within fifteen (15) calendar days of the date on which the basis of the complaint occurred." *See* §542.13(b).

"An inmate who is not satisfied with the Warden's response may submit an appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended." 28 C. F. R. §542.15.

The BOP's response times are set forth in 28 C.F.R §542.18. "Once filed, response shall be made by the Warden or Community Corrections Manager ("CCM") within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days." *Id*.

confinement. On September 21, 2005, the Respondent denied the Request, noting that under BOP Program Statement 7320.01, the award of Direct Home Confinement was left to the discretion of a CCM and the probation officer once an inmate is confined in a CCC. Butler did not file any documentation demonstrating that he pursued the next two steps of the administrative remedy process by filing either a BP-10 or a BP-11 appeal on this issue.

Butler submitted a BP-9 "Request for Administrative Remedy" to the Respondent concerning his claim that he should be awarded GTC based on the actual length of his sentence instead of the number of days actually served. On October 18, 2005, the Respondent denied that Request, explaining that the award of the Petitioner's GTC fully complies with 18 U.S.C. §3624(b), BOP Program Statement 5880. 28, and with various cases decided by the Sixth Circuit Court of Appeals. The Petitioner did not attach any documents demonstrating that he pursued the next two steps of the administrative remedy process by filing either a BP-10 or a BP-11 appeal on this issue.

In challenging the denial or revocation of good time credits in a §2241 petition, Butler must first complete the procedures in 28 C. F. R. §542.110-19. *See Campbell v. Barron*, 87 Fed. Appx. 577, 2004 WL 291180, **1 (6th Cir.(Ky.) February 12, 2004) (not selected for publication in the Federal Reporter) (Citing *Little v. Hopkins*, 638 F.2d at 953-54, Sixth Circuit held that district court properly dismissed Campbell's petition challenging good time credit calculations, because Campbell had not exhausted his administrative remedies before filing his §2241 petition); *Leslie v. United States,* 89 Fed. Appx. 960, 961, 2004 WL 253362, **2 (6th Cir.(Ky.) February 9, 2004) (not selected for publication in the Federal Reporter).

Under the facts presented, this Court concludes that Butler has failed to demonstrate compliance with the BOP's administrative remedy process for either claim. Clearly, he did not comply with the last two steps of the BOP's administrative remedy, electing instead to bypass the rest of the process and file a habeas petition on October 24, 2005. The failure to fully exhaust either claim warrants dismissal without prejudice. *See Little v. Hopkins*, 638 F.2d at 953-54. However, because the Court determines that Petitioner's claims lack merit, the Court will dismiss them with prejudice.

### 2. No Protected Liberty Interest in CCC Placement or in Home Confinement

Butler has failed to state a claim upon which relief can be granted on this issue. First, state and federal prisoners generally enjoy no constitutional right to placement in a particular penal institution. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Brown-Bey v. United States*, 720 F.2d 467, 470 (7th Cir.1983). Thus, the Attorney General has the power to direct the place of a prisoner's confinement and the authority "to transfer federal prisoners from one place of confinement to another at any time for any reason whatsoever or for no reason at all." *Brown-Bey*, 720 F.2d at 470.

Second, nothing in § 3624 requires or mandates that the BOP place any federal prisoner in a CCC for the final 10% of his sentence.[3] The language merely *authorizes* the BOP to allow

---

[3] Title 18 of the United States Code, Section 3624(c), states, in part, that:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, *not to exceed six months*, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

*Id*. (Emphasis Added.)

CCC placement "for a *reasonable part* . . . of the last ten percentum of the term." (Emphasis Added.)

Third, as other courts have properly concluded, § 3624(c) does not create a protected due process liberty interest. Further, the statute does not encroach upon the BOP's broad discretion and authority to determine where prisoners may be confined during the prerelease period. *United States v. Sneed*, 63 F.3d 381, 389 n.6 (5th Cir. 1995); *Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 469-70 (10th Cir.1992), *cert. denied*, 510 U.S. 830 (1993); *see also United States v. Laughlin*, 933 F.2d 786, 789 (9th Cir.1991) ("Nothing in the language of section 3624(c) mandates that all prisoners pass through a community treatment center en route to free society.")

While § 3624 does employ mandatory language, it relates only to a general guideline to facilitate the prisoner's post-release adjustment through the establishment of some unspecified pre-release conditions. *Prows*, 981 F.2d at 469. This interpretation is consistent with the broad administrative discretion delegated to the BOP regarding the placement of prisoners. *Brown-Bey v. United States*, 720 F.2d 467, 470 (7th Cir.1983); *Ready v. Fleming*, 2002 WL 1610584, *3 (N. D. Tex. 2002) ("Thus, §3624(c) does not create a constitutionally protected liberty interest, and Ready's halfway-house-placement claim must fail.")

In *Gambino v. Gerlinski*, 96 F. Supp.2d 456, 459-60 (M.D. Pa. 2000), *aff'd*, 216 F.3d 1075 (3rd Cir. 2000) (unpublished table opinion), the petitioner argued that 18 U.S.C. § 3624(c) required the BOP to provide him with some amount of time, during the last ten percent of his sentence, in pre-release confinement (*e.g.*, a halfway house or home confinement). Citing and

relying on *Prows*, the *Gambino* Court concluded that § 3624(c) does not create a liberty interest because it "refers to no [mandatory] procedures. It is instead a broadly worded statute setting forth a general policy to guide the prison system." *Id.* at 460 (citing *Badea v. Cox*, 931 F.2d 573, 576 (9th Cir.1991)). The court determined that Gambino had failed to state a claim for relief because he had failed to show that his confinement was in violation of the Constitution or any federal law.

The United States District Court for the Southern District of New York has also ruled that federal prisoners have no constitutionally-protected right to a specific amount of time in CCC placement. *See Distefano v. Federal Bureau of Prisons*, 2004 WL 26999, *4 (S. D. N. Y. March 4, 2004), in which the court issued a writ of mandamus under 28 U.S.C. § 1651 compelling the Warden of FCI-Otisville to act promptly and in good faith to *consider* Distefano for placement in a CCC consistent with the BOP's policy prior to December 2002. The court qualified that ruling, however, by stating that:

> "this 'ruling does not *require* the Bureau to grant petitioner's request for [CCC] designation, *but only to give that request full and fair consideration.*' *McCarthy* [*v. Doe* 146 F.3d 118, 122-23 (2d Cir. 1998)] . . . . Because Distefano would become eligible for CCC placement on March 13, 2004 under the prior policy, the BOP is directed to *consider* him for placement by that date."

*Distefano*, 2004 WL 396999, at *6 (Emphasis added.) *See also Knish v. Stine*, 347 F.Supp.2d 682, 688 (D. Minn. Nov. 24, 2004) (Knish was not entitled to CCC placement for any particular period of time; proper relief was not to direct Knish's transfer to a CCC, but was instead to direct the BOP to *consider* Knish's transfer to a CCC, using BOP's pre-December 2002 policy considerations).

As for Butler's specific request for direct home confinement, there is nothing to indicate this he has ever been approved for in-home confinement. The Respondent correctly noted in its Response to the BP-9 "Request for Administrative Remedy," that the issue of whether a federal inmate is a candidate for in-home confinement is left to the discretion of a CCM.

Accordingly, Butler did not enjoy a constitutionally-protected liberty interest in either being released into a CCC August 28, 2005 or in release to home confinement. The term of placement in a CCC is left strictly to the discretion of the BOP. Likewise, the placement of an inmate into home confinement is left to the discretion of the BOP, through the decision of a CCM.

2. Injunctive Relief Request

As previously indicated, on November 30, 2005, Butler filed a notice of change of address, stating that his new address is "1645 Evans Dr. #A, Atlanta, Ga. 30310." [Record No. 10] It is unclear whether this address is the Petitioner's CCC address or whether it is his home address. Regardless, it appears that Butler has been transferred out of FCI-Manchester and, at the least, into a CCC. Thus, his request for injunctive relief will be denied as moot.

The law is clear that an inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to release from confinement, or transfer to another facility. *McAlpine v. Thompson*, 187 F.3d 1213,1215 (10th Cir. 1999); *Green v. Branson*, 108 F.3d 1296 (10th Cir. 1997); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Magee v. Waters,* 810 F.2d 451, 452 (4th Cir. 1987) (prisoner's transfer moots his request for injunctive relief against

conditions of confinement in facility from which he was transferred.); *McKinnon v. Talladega County, Alabama*, 745 F.2d 1360, 1362 (11th Cir. 1984) (Inmates' transfer or release from jail mooted claims for declaratory and injunctive relief); *Booth v. Barton County*, 157 F. Supp. 2d 1178, 1183 (D. Kan. 2001) (Two plaintiffs' release from jail mooted their claims for injunctive relief).

### 3. Petitioner's "GTC" Argument Lacks Merit

Finally, the Court concludes that the Petitioner's challenge to the calculation of his GTC is without merit. In a previous §2241 habeas petition filed in this Court, *Petty v. Stine*, London Civil Action No. 6: 05-63-DCR, petitioner Petty challenged the manner in which the BOP calculated good time credits. Petty raised the identical issue that Petitioner Butler raises in this proceeding: that the BOP's calculation method deprives federal prisoners of several days of good time credit per year.

After reviewing the issue, the Court dismissed Petty's petition, noting that "a number of reported and unreported cases have upheld the BOP's method of calculating good time credits and have rejected the petitioner's arguments. *See Perez-Olivo v. Chavez,* 394 F.3d 45 (1st Cir. 2005) ("the Sixth Circuit has also upheld the BOP's method of calculation in two unpublished opinions"); *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1271 (9th Cir. 2001); *Moore v. Bureau of Prisons*, 2004 U.S. Dist. LEXIS 23272, (S. D. N. Y. Nov. 17, 2004); *Young v. Ashcroft*, 2004 U.S. Dist. LEXIS 24305 (D. Or. Nov. 16, 2004); *Sash v. Zenk*, 344 F. Supp. 2d 376 (E. D. N.Y. 2004); *Graves v. Bledsoe*, 334 F. Supp. 2d 906, 908 (W.D. Va. 2004)." [*See* 6: 05-63-DCR, Mem. Op. & Order, Record No.4, pp. 2-3.]

On appeal, the Sixth Circuit affirmed the dismissal of Petty's habeas petition. The court noted that:

> The BOP's interpretation of the statute is reasonable. *Brown v. Hemingway*, No. 02-1948, 2002 WL 31845147, at *1 (6th Cir. Dec.16, 2002) (unpublished); *see also Williams v. Lamanna*, No. 01-3198, 2001 WL 1136069, at *1 (6th Cir. Sept.19, 2001) (unpublished). For further discussion, *see Yi v. Fed. Bureau of Prisons*, 412 F.3d 526 (4th Cir.2005) (unpublished); *O'Donald v. Johns*, 402 F.3d 172, 173-74 (3d Cir.2005); *Perez-Olivio v. Chavez*, 394 F.3d 45, 47-54 (1st Cir.2005); and *White v. Scibana*, 390 F.3d 997, 999-1003 (7th Cir.2004), *cert. denied*, --- U.S. ----, 125 S.Ct. 2921, 162 L. Ed.2d 297 (2005) (all upholding the BOP interpretation).

*Petty v. Stine*, 2005 WL 2258042, *1. Accordingly, this claim will be dismissed with prejudice.

## CONCLUSION

Being sufficiently advised, it is hereby

**ORDERED** that this action is **DISMISSED**, with prejudice. Further, the Petitioner's request for injunctive relief is **DENIED**.

This 14th day of December, 2005.



Signed By:
Danny C. Reeves  DCR
United States District Judge